UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ISLAS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.   5:19-CV-00322 |
| | § § | |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff Christopher Islas brings this complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680. Plaintiff complains of the United States of America and would show the following:

### I.   PARTIES

1. Plaintiff is Christopher Islas. Plaintiff resides in Bexar County, Texas.

2. Defendant is the United States of America. Jeffrey Emde, at all times relevant to this lawsuit, was an employee of and was acting within the course and scope of his employment with the United States Federal Bureau of Investigation and/or United States Department of State, both of which are agencies of the United States of America.

### II.   JURISDICTION, SERVICE, & VENUE

3. This Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671–2680, commonly known as the Federal Tort Claims Act.

4. The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint

on one of the following individuals, as they are designated as agents to accept delivery of service of process for the United States Attorney for the Western District of Texas at 601 NW Loop 410, Suite 600, San Antonio, Texas 78216-5597:

> John F. Paniszczyn
> Clayton Diedrichs
> Mireille Ferdinand-Hercule
> Melissa P. Albright
> Angelica Avila
> Nita Brooke
> Stephanie Karam
> Stephanie Rico
> Jean Smith-Harnden

5. The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on the United States Attorney for the Western District of Texas by certified mail, return receipt requested, and addressed to:

> Ms. Stephanie Rico
> Civil Process Clerk
> Office of the United States Attorney
> for the Western District of Texas
> 601 N.W. Loop 410, Suite 600
> San Antonio, Texas 78216-5597

6. Service must also be affected by serving a copy of the Summons and Complaint on William Barr, Attorney General of the United States, by certified mail, return receipt requested, at:

> The Attorney General's Office
> ATTN: Civil Process Clerk
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because the United States is the Defendant, and a substantial part of the events or omissions giving rise to the claim

occurred in this district.

### III.   LIABILITY OF THE UNITED STATES

8. This case is commenced and prosecuted against the United States of America to and in compliance with Title 28 U.S.C. §§ 2671–2680, the Federal Tort Claims Act. Liability of the United States is predicated specifically on 28 U.S.C. § 2674 because the personal injuries and resulting damages of which the complaint is made were proximately caused by the negligence, wrongful acts and/or omissions of employees and/or agents of the United States of America working for the Federal Bureau of Investigation and/or Department of State, while acting within the scope of their office, employment, and/or agency under circumstances where the United States of America, if a private person, would be liable to Plaintiff in the same manner and to the same extent as a private individual.

9. The Federal Bureau of Investigation and Department of State are agencies of the United States of America. Defendant, through its agency(ies), at all material times owned, operated, and/or controlled the vehicle in question and/or employed Jeffrey Emde.

10. At all material times, Jeffrey Emde and all persons involved in supervising Jeffrey Emde were agents, servants, or employees of Defendant and its agencies, and were at all material times acting within the course and scope of their employment.  Defendant has previously indicated and certified that Jeffrey Emde was acting in the course and scope of his employment with Defendant at the time of this incident.  See Exhibit A, attached hereto.

### IV.   JURISDICTIONAL PREREQUISITES

11. Pursuant to 28 U.S.C. §§ 2672 and 2675(a), the claims set forth herein were filed with

and presented administratively to the United States Department of State on April 27, 2018. October 29, 2018 was six months from April 27, 2018. Plaintiff has not received any written notification from the Department of State or any other administrative agency connected with Defendant denying Plaintiff's claim in compliance with the statute. Plaintiff files this suit after six months passed from the presentation of Plaintiff's claim to Defendant.

12. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this suit.

### V.   FACTS

13. On or about June 27, 2016, Plaintiff was traveling eastbound on W. Hausman Road, approaching the intersection of W. Hausman Road and the service road of Interstate 10 in San Antonio, Texas.

14. Plaintiff was traveling in a reasonable and prudent manner and was exercising ordinary care for his safety at all times relevant herein.

15. As Plaintiff reached the intersection of W. Hausman Road and the service road of Interstate 10, he stopped to yield to oncoming traffic.

16. At the same time, Jeffrey Emde was also traveling eastbound on W. Hausman Road in a 2010 Ford Explorer.

17. Upon information and belief, Jeffrey Emde was driving within the course and scope of his employment with Defendant. See Exhibit A, attached hereto.

18. Jeffrey Emde approached Plaintiff's stopped vehicle from the rear at the intersection of W. Hausman Road and the service road of Interstate 10.

19. Jeffrey Emde collided into the rear of Plaintiff's vehicle.

20. As a direct and proximate result of collision described above, Plaintiff suffered harms and losses in an amount to be determined at trial.

21. Plaintiff's physical injuries that proximately resulted from the collision include, but are not limited to, cervical disc displacement, which required an anterior cervical discectomy and fusion surgery.

### VI.    CAUSES OF ACTION

#### A.    *Negligence*

22. Through its employees, agents, or servants, Defendant was negligent in one or more of the following respects:

   a.   maintaining an unsafe distance from other vehicles;

   b.   keeping an improper lookout;

   c.   traveling at an unreasonable speed given the circumstances;

   d.   making an untimely and improper application of his brakes;

   e.   exhibiting inadequate driver attention;

   f.   driving distracted;

   g.   taking improper evasive actions to avoid the collision; and

   h.   choosing to violate safety rules.

23. At all material times, the employees, agents, or representatives of Defendant were negligent and caused the injuries Plaintiff sustained.

#### B.    *Respondeat Superior*

24. Without waiving the foregoing, in conjunction with, additionally and/or alternatively, Plaintiff would further show this Court that Jeffrey Emde was in the course and scope of

his employment with Defendant at the time of this collision. Further, Defendant certified that Jeffrey Emde was acting in the course and scope of his employment with Defendant at the time of the incident. See Exhibit A, attached hereto.

25. Under the doctrine of *Respondeat Superior*, Defendant is responsible for Plaintiff's damages that resulted from Jeffrey Emde's negligence as alleged above.

## VII.   DAMAGES

26. As a proximate result of Jeffrey Emde's acts or omissions, Plaintiff suffered injuries that would not have occurred otherwise. Plaintiff pleads for all damages available under Texas state law, federal law, and equity, including:

    a. Past and future pain and suffering;

    b. Past and future mental anguish;

    c. Past and future physical impairment and disability;

    d. Past and future physical disfigurement;

    e. Past and future loss of income and impairment of earning capacity;

    f. Past and future reasonable charges necessary for medical care, hospital, rehabilitation services, custodial care, health care, supplies, attendant care expenses and other health services; and

    g. Out-of-pocket expenses.

27. Plaintiff pleads for all other damages, pecuniary or otherwise, arising out of law or equity, that he may be justly and equitably entitled to, in the wisdom of the Court.

## VIII.   PRAYER

Plaintiff requests that Defendant be cited in terms of law to appear and answer this Complaint; that upon final trial, Plaintiff have judgment against Defendant for the amount of

actual damages and for other and different amounts as they shall show by proper amendment before trial; for all Court costs incurred in this litigation; and for such other relief, at law and in equity, both general and special, to which Plaintiff may show himself entitled to and to which the Court believes him deserving.

        Respectfully submitted,

        **ZINDA LAW GROUP, PLLC**
        8834 North Capital of Texas Highway, Suite 304
        Austin, Texas 78759
        (512) 246-2224 Office
        (512) 580-4252 Fax
        **Service of Documents:** service@hzfirm.com

By:    */s/ S. Burgess Williams*
        John C. (Jack) Zinda
        State Bar No. 24053569
        S. Burgess Williams
        State Bar No. 24072426
        Ryan Toomey
        State Bar No. 24081178
        **ATTORNEYS FOR PLAINTIFF**