**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

CHRISTOPHER ISLAS,  §
    *Plaintiff*  §
            §      SA-19-CV-00322-XR
-vs-  §
            §
UNITED STATES OF AMERICA,  §
    *Defendant*  §
            §

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

   The Court held a bench trial in this case from November 16, 2020 to November 18, 2020. In this Federal Tort Claims Act (FTCA) case, Plaintiff alleges that he suffered injuries as a result of a motor vehicle collision caused by the negligence of one Jeffrey Emde, an employee of the Government. After careful consideration, the Court finds that judgment should be entered in favor of Plaintiff Christopher Islas and issues its findings of fact and conclusions of law pursuant to Rule 52(a).

## FINDINGS OF FACT

1. At all times material hereto, Jeffrey Emde was an employee of the United States of America and was acting within the course and scope of his employment with the United States of America.

2. At all material times, the United States of America owned, operated, and/or controlled the vehicle Jeffrey Emde was driving at the time of the collision.

3. On June 27, 2016, Jeffrey Emde was driving a 2010 Ford Explorer in the course and scope of his employment with the United States Government.

1

4. On June 27, 2016, Plaintiff was driving a 2016 Nissan Maxima SR eastbound on West Hausman Road in San Antonio, Texas. Mr. Emde was traveling behind Plaintiff on West Hausman Road. Both vehicles were approaching the intersection of West Hausman Road and the service road of Interstate Highway 10. Plaintiff reached the intersection and stopped to yield to oncoming traffic. Mr. Emde collided into the rear of Plaintiff's vehicle. The collision was low-speed—no more than ten miles per hour at the time of impact.

5. Due to the very minor nature of the collision, neither Plaintiff nor Mr. Emde believed it was necessary to contact law enforcement or emergency services following the collision. Law enforcement did not respond to the collision nor did any emergency services personnel. Plaintiff and Mr. Emde were able to drive their respective vehicles from the scene of the collision.

6. The accident caused just over $3,000 worth of property damage to Plaintiff's vehicle and approximately $877 to the United States' vehicle.

7. Immediately following the collision, Plaintiff and Plaintiff's passenger continued with their work duties. Several hours after the collision, Plaintiff sought medical care at the Baptist Health Emergency Room. Plaintiff declined a diagnostic test at the hospital and was given an injection to reduce his pain.

8. The Court finds that the credible evidence at trial established that the Government, through Mr. Emde, was negligent in colliding into Plaintiff's vehicle. The Court finds that the credible evidence at trial established that Mr. Emde failed to properly apply his brakes and was following too closely behind Plaintiff. The Court finds that the credible evidence at trial established that Mr. Emde failed to exercise ordinary care. The Court finds that the

credible evidence at trial established that Mr. Emde's negligence proximately caused the collision, for which the Government is vicariously liable.

9. Plaintiff suffered injuries as a result of the collision. Specifically, Plaintiff sustained injuries to his neck and shoulder that caused him pain. Plaintiff had multiple physical therapy treatments and saw an orthopedic doctor. In December 2016, Plaintiff received an MRI. After the MRI, the orthopedic doctor diagnosed Plaintiff with a central disc herniation at the C5-6 level. Plaintiff received physical therapy treatment and injections for his neck and shoulder injuries through the end of 2016. In 2017, Plaintiff continued to undergo treatment for his neck and shoulder injuries, which consisted of additional physical therapy and injections. On June 7, 2017, Plaintiff received a recommendation that he undergo an anterior cervical discectomy and fusion at C5-6.

10. On January 11, 2018, orthopedic surgeon Robert Josey, M.D., performed an anterior cervical discectomy and fusion on Plaintiff. Following the surgery, Plaintiff underwent additional rounds of physical therapy. Dr. Josey testified that the central disc herniation at the C5-6 level was consistent with degenerative disease and not with a disc herniation caused by trauma.

11. Dr. Mark Greenston, a qualified biodynamics expert, testified on behalf of the Government that, based on his expert opinion, the force from the June 27, 2016 impact was insufficient to alter the structure of Plaintiff's cervical or lumbar spine. Dr. Greenston also testified that the central disc herniation at the C5-6 level was consistent with degenerative disease and not with a disc herniation caused by trauma.

12. Dr. Bernie L. McCaskill, a recently retired board certified orthopedic surgeon, testified on behalf of the Government that in his expert opinion, the medical records do not support

3

Plaintiff's contention that he sustained significant musculoskeletal injuries or a neurological injury as a result of the June 27, 2016 collision.

13. Dr. Jaramillo testified on behalf of the Plaintiff that Plaintiff would need future care as a result of the injuries he sustained as a result of the Government's negligence. Dr. Jaramillo testified that the total future medical expenses for Plaintiff is $485,207.03. For the reasons set forth below, the Court finds that the total reasonable and necessary medical expenses amounts to $26,557.64.

14. The Court finds that the credible evidence at trial established that Plaintiff had an asymptomatic central disc herniation at the C5-6 level prior to the collision in June 2016. Plaintiff had been experiencing severe neck pain consistent with this type of herniation in 2014, but the pain abated after two treatment sessions with a chiropractor. At the initial treatment session, Plaintiff rated his pain as an eight out of ten and told the chiropractor that the pain was aggravated by exercise and playing softball. In the months after the June 2016 collision, Plaintiff continued to exercise and play softball despite his pain. In fact, Plaintiff played approximately ten softball games in the weeks after the collision.

15. Plaintiff also testified that he continued to exercise after the collision. His exercise both before and after the collision consisted of weight training and performing strenuous compound movements that involved lifting large amounts of weight using the entire body. His exercise routines consisted of, *inter alia*, barbell squats, deadlifts, and kettlebell swings. Each of these exercises involve a risk of musculoskeletal injury if the performer does not use proper technique. Plaintiff testified that he was unable to complete his workouts after the collision due to the pain in his neck and shoulder.

16. The Court finds that the credible evidence at trial established that Plaintiff's preexisting herniation became symptomatic in the summer of 2016 because he continued to engage in the activities that had been shown to aggravate his neck pain after the collision. Plaintiff more likely than not sustained a neck strain as a direct result of the collision. However, Plaintiff continued to engage in potentially risky activities for individuals with neck injuries. Plaintiff more likely than not exercised with compromised form and continued to play softball with a neck sprain, which then caused his asymptomatic herniation to become symptomatic.

17. Plaintiff argues in post-trial briefing that Texas law holds defendants liable for worsening a pre-existing condition, so the Government should be liable because its negligence caused Plaintiff's asymptomatic herniation to become symptomatic. Texas courts routinely find causation where an injury aggravates an underlying preexisting condition. *See e.g., Dunn v. Southern Farm Bureau Cas. Ins. Co.* 991 S.W.2d 467 (Tex. App.—Tyler 1999, pet. denied); *Turnbull v. McIntosh*, No. 01-98-01127-CV, 2001 WL 493169 (Tex. App.—Houston [1st Dist.], May 10, 2001, pet. denied); *Goggans v. Ford*, No. 05–14–01239–CV, 2015 WL 8523302 (Tex. App.—Dallas, Dec. 9, 2015, pet. denied). However, in each of these cases, the injurious event itself caused the aggravation of the underlying condition. The credible evidence at trial did not establish that the June 27, 2016 collision caused Plaintiff's underlying degenerative disc disease to become symptomatic. Instead, the credible evidence established that the collision caused a neck strain, which did not heal before Plaintiff resumed physical activity that caused his herniation to become symptomatic.

18. The Court finds that the credible evidence at trial established that the Government's negligence proximately caused Plaintiff's neck strain. The weight of credible evidence does not support a finding that the Government's negligence proximately caused or aggravated Plaintiff's disc herniation.

19. The parties stipulated that some of Plaintiff's medical expenses were reasonable and necessary prior to trial. Particularly, the parties agreed to the following:

    a. Baptist Emergency Room in the amount of $3,144.40

    b. South Texas Spinal Clinic in the amount of $2,741.00

    c. Brio MRI in the amount of $3,000.00

    d. Momentum Physical Therapy in the amount of $4,765.00

    e. Central Texas Pain Center in the amount of $7,257.00

    f. Sendero Imaging in the amount of $1,720.00

    g. Mission City Healthcare in the amount of $1,189.00

    h. Leading Edge Emergency Physicians in the amount of $692.64

    i. Pinnacle Pharmacy in the amount of $2,048.60

20. The total stipulated reasonable and necessary medical expenses for Plaintiff is $26,557.64

## CONCLUSIONS OF LAW

Any finding of fact herein above which also constitutes a conclusion of law is adopted as a conclusion of law. Any conclusion of law herein made which also constitutes a finding of fact is hereby adopted as a finding of fact.

1. This Court has jurisdiction to hear this case under the Federal Tort Claims Act. *See* 28 U.S.C. §§ 1346(b), 2671 *et seq.*

2. Venue is proper in the United States District Court for the Western District of Texas.

3. Plaintiff has complied with the administrative claims requirements of the Federal Tort Claims Act (FTCA).

4. Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury for his claims against the United States of America. *Moyer v. Martin Marietta Corp*., 481 F.2d 585, 587 (5th Cir. 1973).

5. Plaintiff has the burden of proof by a preponderance of the evidence in this civil trial. Plaintiff must prove every essential element alleged as part of his claims by a preponderance of the evidence. Burden of Proof: Preponderance of the Evidence 3.2, Fifth Circuit Pattern Jury Instruction (2014).

6. The FTCA holds the United States liable for certain torts in the same manner and to the same extent as private individuals under similar circumstances in accordance with the law of the place where the act or omission occurred. As the injuries complained of occurred in Texas, Texas law applies.

7. To prove an action for negligence, the plaintiff must establish that the defendant had a legal duty. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Midwest Empls. Cas. Co. v. Harpole*, 293 S.W.3d 770, 776 (Tex. App.—San Antonio 2009, no pet.). Texas recognizes that each individual has a duty to exercise reasonable care to avoid a foreseeable risk of injury to others. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). This Court finds that Mr. Emde had a duty to exercise reasonable care to avoid a foreseeable risk of injury to others.

8. The question of whether a defendant acted with ordinary care is a question of fact. *Caldwell v. Curioni*, 125 S.W.3d 784, 793 (Tex. App.—Dallas 2004, pet. denied); *see Brown v. Goldstein*, 685 S.W.2d 640, 641–42 (Tex.1985); *Borden, Inc. v. Price*, 939 S.W.2d 247,

251 (Tex. App.—Amarillo 1997, writ denied). To establish a failure to exercise reasonable care, Plaintiff must establish that a reasonable actor in the Government employee's position would recognize that his conduct posed a foreseeable risk of harm to others and failed to take any action to prevent the harm. *Bujnoch v. Nat'l Oilwell Varco, L.P.*, 542 S.W.3d 2, 10–11 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). Plaintiff must prove that the Government employee failed to do that which a person of ordinary prudence would have done under the same or similar circumstances. *Irika Shipping S.A. v. Henderson*, No. 09-13-00237-CV, 2014 Tex. App. LEXIS 13550, at *24–25 (Tex. App.—Beaumont May 29, 2014, no pet.).

9.  To hold a defendant vicariously liable under *respondeat superior*, a plaintiff must prove the tortfeasor was an employee of the defendant. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex.2018); *Baptist Mem'l Hosp. Sys. v. Sampso*n, 969 S.W.2d 945, 947 (Tex.1998).

10. To prove an action for negligence, the Plaintiff must establish that the Government's breach of duty proximately caused the Plaintiff's injury. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex.2009); *Kroger Co. v. Milanes*, 474 S.W.3d 321, 338 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Proximate cause is usually a question of fact unless the evidence is undisputed and only one reasonable inference can be drawn. *Ambrosio v. Carter's Shooting Ctr., Inc*., 20 S.W.3d 262, 266 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Plaintiff's burden under Texas law to prove that the subject wreck caused his injuries is based on a reasonable degree of medical certainty. *Black v. Food Lion, Inc.*, 171 F.3d 308, 310 (5th Cir. 1999).

11. If a latent condition does not cause pain or suffering, but that condition plus an injury caused such pain, then the injury, and not the latent condition, is the proximate cause. *Katy Springs & Mfg., Inc. v. Favalora*, 476 S.W.3d 579, 591 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

12. This Court finds that Mr. Emde was an employee of the Government, acting within the course and scope of his duties at the time of the collision. This Court finds that the Government is responsible and vicariously liable for Mr. Emde's actions.

13. The Court finds that Mr. Emde breached his duty of care by failing to operate his vehicle with the ordinary care of a reasonable person.

14. This Court finds that the collision on June 27, 2016 did not proximately cause Plaintiff's herniated disc. Rather, the weight of evidence supports a finding that Plaintiff had an asymptomatic disc herniation caused by degenerative disc disease prior to the collision and as early as 2014. The Court finds that the collision caused Plaintiff's neck strain, resulting in pain that persisted for several weeks. Following the collision, and while Plaintiff was still experiencing pain from his neck strain, Plaintiff engaged in softball and physical exercise—two activities that Plaintiff knew had caused severe pain to his neck and shoulder in 2014. The Court finds that the weight of evidence supports a finding that Plaintiff's continued activity with a neck strain resulted in his use of improper technique during these aggravating activities, causing Plaintiff's herniated disc to become symptomatic.

15. While a negligent defendant is liable for all damages proximately caused by its negligent conduct, "the conduct of the defendant may be too attenuated from the resulting injuries to the plaintiff to be a substantial factor in bringing about the harm." *Providence Health Ctr. v. Dowell*, 262 S.W.3d 324, 329 (Tex. 2008) (internal citations omitted). "Cause in fact is

not established where a defendant's negligence does no more than furnish a condition which makes the injuries possible." *Givens v. M&S Imaging Partners, L.P.*, 200 S.W.3d 735, 738 (Tex. App. 2006) (internal citations omitted). "'[T]he connection between the defendant and the plaintiff's injuries simply may be too attenuated' for the breach to qualify as a substantial factor. A breach is not a substantial factor if it 'does no more than furnish the condition that makes the plaintiff's injury possible.'" *Nw. EMS Consultants, P.A. v. Guillory*, No. 01-19-00668-CV, 2020 WL 4516872, at *11 (Tex. App. Aug. 6, 2020), reconsideration *en banc* denied, No. 01-19-00668-CV, 2020 WL 5792550 (Tex. App. Sept. 29, 2020) (citing *Allways Auto Grp., Ltd. v. Walters*, 530 S.W.3d 147, 149 (Tex. 2017) (internal quotations omitted).

16. The weight of the credible evidence supports a finding that the June 27, 2016 collision merely created a condition that made Plaintiff's subsequent injury possible. That is, the collision caused a neck and shoulder strain, but did not worsen the Plaintiff's existing herniation. The strain created a condition (*i.e.*, Plaintiff's pain and discomfort), that made subsequent injury possible. Due to the pain, there was an increased chance that Plaintiff would injure himself while working out and playing softball, activities that had caused Plaintiff severe pain in his neck and shoulder in the past. Plaintiff and other witnesses testified that Plaintiff's personal trainer emphasized the importance of proper technique and the risk of injury if improper technique is used while working out. Thus, Plaintiff knew or should have known that working out with improper technique could result in injury, including neck and spine injury. Plaintiff's decision to continue with potentially injurious workouts while he was in pain is the primary cause of his symptomatic herniation.

17. Further, Plaintiff's decision to continue his physical activities after the collision caused him significant pain constitutes a failure to mitigate damages. "In Texas, the mitigation of damages doctrine requires a plaintiff to exercise reasonable care in minimizing damages, if the damages can be avoided with only slight expense and reasonable effort." *Sanchez v. Swift Transportation Co. of Arizona, LLC*, No. 4:15CV15-LG, 2017 WL 5640835, at *2 (W.D. Tex. May 30, 2017) (citing *Harris Cty. v. Smoker*, 934 S.W.2d 714, 721 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (citations omitted)). Here, Plaintiff knew or should have known that exercising and playing softball while experiencing neck and shoulder pain put him at higher risk for further injury. Plaintiff's post-crash activity caused an injury that necessitated further medical treatment and surgery, thus increasing his total costs and alleged damages. These costs could have been avoided if Plaintiff applied the knowledge available to him and avoided potentially injurious activity until he was able to perform those activities with proper technique. The Court finds that the Government is not liable for medical costs incurred as a result of Plaintiff's herniated disc.

18. The Court finds that any injuries or damages alleged or expressed by the Plaintiff that were not previously stipulated as reasonable and necessary were not proximately caused by the Government.

19. Plaintiffs' recovery is limited to the amounts specified in Plaintiffs' administrative claim. 28 U.S.C. § 2675(b); *see also Lebron v. United States*, 279 F.3d 321, 325 (5th Cir. 2002). The maximum recovery rule applies in this case. *See Lebron*, 279 F.3d at 325. Plaintiff may not recover punitive damages. 26 U.S.C. § 2674. Attorney's fees are limited as set forth in the FTCA. 28 U.S.C. § 2678. However, in personal injury cases such as this, attorneys' fees are not recoverable under Texas law.

20. Pursuant to 28 U.S.C. § 2674, Plaintiff is not entitled to pre-judgment interest.

## **CONCLUSION**

The Plaintiff is awarded damages in the amount of $26,557.64, plus post-judgment interest.

As the prevailing party, Plaintiff shall also be awarded costs under Rule 54(d). The Court will enter

a Judgment pursuant to Rule 58.

It is so **ORDERED**

**SIGNED** this 17th day of December, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE